# EXHIBIT A

1  Edwin Aiwazian (SBN 232943)
   LAWYERS *for* JUSTICE, PC
2  410 West Arden Avenue, Suite 203
   Glendale, California 91203
3  Tel: (818) 265-1020 / Fax: (818) 265-1021

4  *Attorneys for* Plaintiffs

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 1 3 2017

BY _Charlene Johnson_
CHARLENE JOHNSON, DEPUTY

5

6  ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

   ## FOR THE COUNTY OF SAN BERNARDINO

7  ROCKY GOUKER, individually, and on          Case No.:    CIVDS1704476
   behalf of other members of the general public
8  similarly situated; RAYMOND JIMENEZ,         CLASS ACTION COMPLAINT FOR
   individually, and on behalf of other members  DAMAGES & ENFORCEMENT UNDER
9  of the general public similarly situated and  THE PRIVATE ATTORNEYS GENERAL
   on behalf of other aggrieved employees        ACT, CALIFORNIA LABOR CODE
10 pursuant to the California Private Attorneys   § 2698, ET SEQ.
   General Act;
11                                               (1)  Violation of California Labor Code
             Plaintiffs,                               §§ 510 and 1198 (Unpaid
12                                                     Overtime);
       vs.                                       (2)  Violation of California Labor Code
13                                                     §§ 226.7 and 512(a) (Unpaid Meal
   PLASTIPAK PACKAGING, INC., an                       Period Premiums);
14 unknown business entity; and DOES 1          (3)  Violation of California Labor Code
   through 100, inclusive,                             § 226.7 (Unpaid Rest Period
15                                                     Premiums);
             Defendants.                          (4)  Violation of California Labor Code
16                                                     §§ 1194, 1197, and 1197.1 (Unpaid
                                                       Minimum Wages);
17                                               (5)  Violation of California Labor Code
                                                       §§ 201 and 202 (Final Wages Not
18                                                     Timely Paid);
                                                 (6)  Violation of California Labor Code
19                                                     § 204 (Wages Not Timely Paid
                                                       During Employment);
20                                               (7)  Violation of California Labor Code
                                                       § 226(a) (Non-Compliant Wage
21                                                     Statements);
                                                 (8)  Violation of California Labor Code
22                                                     § 1174(d) (Failure To Keep
                                                       Requisite Payroll Records);
23                                               (9)  Violation of California Labor Code
                                                       §§ 2800 and 2802 (Unreimbursed
24                                                     Business Expenses);
                                                 (10) Violation of California Business &
25                                                     Professions Code §§ 17200, et seq.
                                                 (11) Violation of California Labor Code
26                                                     § 2698, et seq. (California Labor
                                                       Code Private Attorneys General
27                                                     Act of 2004)

28                                               **DEMAND FOR JURY TRIAL**

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    COME NOW, Plaintiff ROCKY GOUKER ("Plaintiff GOUKER"), individually,

2    and on behalf of other members of the general public similarly situated, and Plaintiff

3    RAYMOND JIMENEZ ("Plaintiff JIMENEZ")(collectively with Plaintiff GOUKER as

4    "Plaintiffs"), individually, and on behalf of other members of the general public

5    similarly situated and on behalf of other aggrieved employees pursuant to the

6    California Private Attorney General Act, and allege as follows:

7                    **JURISDICTION AND VENUE**

8        1.    This class action is brought pursuant to the California Code of Civil

9    Procedure section 382. The monetary damages and restitution sought by Plaintiffs

10    exceeds the minimal jurisdiction limits of the Superior Court and will be established

11    according to proof at trial. The "amount in controversy" for each named Plaintiff,

12    including but not limited to claims for compensatory damages, restitution, penalties,

13    wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five

14    thousand dollars ($75,000).

15        2.    This Court has jurisdiction over this action pursuant to the California

16    Constitution, Article VI, Section 10, which grants the superior court "original

17    jurisdiction in all other causes" except those given by statute to other courts. The

18    statutes under which this action is brought do not specify any other basis for

19    jurisdiction.

20        3.    This Court has jurisdiction over Defendant because, upon information and

21    belief, Defendant is a citizen of California, has sufficient minimum contacts in

22    California, or otherwise intentionally avails itself of the California market so as to

23    render the exercise of jurisdiction over it by California courts consistent with

24    traditional notions of fair play and substantial justice.

25    ///

26    ///

27    ///

28    ///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

2

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,

4.      Venue is proper in this Court because, upon information and belief, Defendant maintains offices, has agents, employs individuals, and/or transacts business in the State of California, County of San Bernardino.  The majority of acts and omissions alleged herein relating to Plaintiffs and the other class members took place in the State of California, including the County of San Bernardino.

<u>**PARTIES**</u>

5.      Plaintiff GOUKER is an individual residing in the State of California.

6.      Plaintiff JIMENEZ is an individual residing in the State of California.

7.      Defendant PLASTIPAK PACKAGING, INC., at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of San Bernardino.

8.      At all relevant times, Defendant PLASTIPAK PACKAGING, INC. was the "employer" of Plaintiffs within the meaning of all applicable California laws and statutes.

9.      At all times herein relevant, Defendants PLASTIPAK PACKAGING, INC., and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

10.     The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiffs who sue said defendants by such fictitious names.  Plaintiffs are informed and believe, and based on that information and belief allege, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

3

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  Complaint, and unlawfully caused the injuries and damages to Plaintiffs and the other

2  class members as alleged in this Complaint.  Plaintiffs will seek leave of court to

3  amend this Complaint to show the true names and capacities when the same have been

4  ascertained.

5        11.    Defendant PLASTIPAK PACKAGING, INC. and DOES 1 through 100

6  will hereinafter collectively be referred to as "Defendants."

7        12.    Plaintiffs further allege that Defendants, directly or indirectly controlled

8  or affected the working conditions, wages, working hours, and conditions of

9  employment of Plaintiffs and the other class members and aggrieved employees so as

10  to make each of said Defendants employers and employers liable under the statutory

11  provisions set forth herein.

### CLASS ACTION ALLEGATIONS

12

13        13.    Plaintiffs bring this action on their own behalf and on behalf of all other

14  members of the general public similarly situated, and, thus, seek class certification

15  under California Code of Civil Procedure section 382.

16        14.    The proposed class is defined as follows:

17              All current and former hourly-paid or non-exempt individuals employed

18              by any of the Defendants within the State of California at any time during

19              the period from May 22, 2011 to final judgment.[1]

20        15.    Plaintiffs reserve the right to establish subclasses as appropriate.

21        16.    The class is ascertainable and there is a well-defined community of

22  interest in the litigation:

23            a.    <u>Numerosity</u>: The class members are so numerous that joinder of all

24              class members is impracticable.  The membership of the entire

25              class is unknown to Plaintiffs at this time; however, the class is

26              estimated to be greater than fifty (50) individuals and the identity

27

28

---

[1] Due to the doctrines of class action and/or equitable tolling, this is the period covered by the present action based on the filing of *Lorenz v. Plastipak Packaging, Inc., et al.*, San Bernardino Superior Court Case Number CIVDS1507361.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    of such membership is readily ascertainable by inspection of

2        b.   <u>Typicality</u>: Plaintiffs' claims are typical of all other class members'

3    as demonstrated herein. Plaintiffs will fairly and adequately

4    protect the interests of the other class members with whom they

5    have a well-defined community of interest.

6        c.   <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests

7    of each class member, with whom they have a well-defined

8    community of interest and typicality of claims, as demonstrated

9    herein. Plaintiffs have no interest that is antagonistic to the other

10   class members. Plaintiffs' attorneys, the proposed class counsel,

11   are versed in the rules governing class action discovery,

12   certification, and settlement. Plaintiffs have incurred, and during

13   the pendency of this action will continue to incur, costs and

14   attorneys' fees, that have been, are, and will be necessarily

15   expended for the prosecution of this action for the substantial

16   benefit of each class member.

17       d.   <u>Superiority</u>: A class action is superior to other available methods

18   for the fair and efficient adjudication of this litigation because

19   individual joinder of all class members is impractical.

20       e.   <u>Public Policy Considerations</u>: Certification of this lawsuit as a class

21   action will advance public policy objectives. Employers of this

22   great state violate employment and labor laws every day. Current

23   employees are often afraid to assert their rights out of fear of direct

24   or indirect retaliation. However, class actions provide the class

25   members who are not named in the complaint anonymity that

26   allows for the vindication of their rights.

27      17.   There are common questions of law and fact as to the class members that

28   predominate over questions affecting only individual members. The following

5

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  common questions of law or fact, among others, exist as to the members of the class:

2      a.    Whether Defendants' failure to pay wages, without abatement or

3            reduction, in accordance with the California Labor Code, was

4            willful;

5      b.    Whether Defendants' had a corporate policy and practice of failing

6            to pay their hourly-paid or non-exempt employees within the State

7            of California for all hours worked, missed (short, late, interrupted,

8            and/or missed altogether) meal periods and rest breaks in violation

9            of California law;

10     c.    Whether Defendants required Plaintiffs and the other class

11           members to work over eight (8) hours per day and/or over forty

12           (40) hours per week and failed to pay the legally required overtime

13           compensation to Plaintiffs and the other class members;

14     d.    Whether Defendants failed to use the commissions/non-

15           discretionary bonuses/non-discretionary performance pay/shift

16           differentials to calculate the regular rate of pay used to calculate the

17           overtime rate for the payment of overtime wages where Plaintiffs

18           and the other class members earned commissions/non-discretionary

19           bonuses/non-discretionary performance pay/shift differentials and

20           overtime wages in the same workweek;

21     e.    Whether Defendants deprived Plaintiffs and the other class

22           members of meal and/or rest periods or required Plaintiffs and the

23           other class members to work during meal and/or rest periods

24           without compensation;

25     f.    Whether Defendants failed to pay minimum wages to Plaintiffs and

26           the other class members for all hours worked;

27     g.    Whether Defendants failed to pay all wages due to Plaintiffs and

28           the other class members within the required time upon their

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    discharge or resignation;

2    h.   Whether Defendants failed to timely pay all wages due to Plaintiffs
3         and the other class members during their employment;

4    i.   Whether Defendants complied with wage reporting as required by
5         the California Labor Code; including, *inter alia*, section 226;

6    j.   Whether Defendants kept complete and accurate payroll records as
7         required by the California Labor Code, including, *inter alia*, section
8         1174(d);

9    k.   Whether Defendants failed to reimburse Plaintiffs and the other
10        class members for necessary business-related expenses and costs;

11   l.   Whether Defendants' conduct was willful or reckless;

12   m.   Whether Defendants engaged in unfair business practices in
13        violation of California Business & Professions Code section
14        17200, et seq.;

15   n.   The appropriate amount of damages, restitution, and/or monetary
16        penalties resulting from Defendants' violation of California law;
17        and

18   o.   Whether Plaintiffs and the other class members are entitled to
19        compensatory damages pursuant to the California Labor Code.

20                              **PAGA ALLEGATIONS**

21   18.   At all times herein set forth, PAGA was applicable to Plaintiff
22   JIMENEZ's employment by Defendants.

23   19.   At all times herein set forth, PAGA provides that any provision of law
24   under the California Labor Code that provides for a civil penalty, including unpaid
25   wages and premium wages, to be assessed and collected by the LWDA for violations of
26   the California Labor Code may, as an alternative, be recovered through a civil action
27   brought by an aggrieved employee on behalf of himself and other current or former
28   employees pursuant to procedures outlined in California Labor Code section 2699.3.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91208

20.    Pursuant to PAGA, a civil action under PAGA may be brought by an "aggrieved employee," who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

21.    Plaintiff JIMENEZ was employed by Defendants and the alleged violations were committed against them during their time of employment and they are, therefore, an aggrieved employee. Plaintiffs and the other employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are current or former employees of Defendants, and one or more of the alleged violations were committed against them.

22.    Pursuant to California Labor Code sections 2699.3 and 2699.5, an aggrieved employee, including Plaintiff JIMENEZ, may pursue a civil action arising under PAGA after the following requirements have been met:

a.    The aggrieved employee shall give written notice by online submission (hereinafter "Employee's Notice") to the LWDA and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

b.    The LWDA shall provide notice (hereinafter "LWDA Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within sixty (60) calendar days of the postmark date of the Employee's Notice. Upon receipt of the LWDA Notice, or if the LWDA Notice is not provided within sixty-five (65) calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code section 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

23.    On January 4, 2017, Plaintiff JIMENEZ provided written notice by online

8

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   submission to the LWDA and by certified mail to Defendant PLASTIPAK

2   PACKAGING, INC. of the specific provisions of the California Labor Code alleged to

3   have been violated, including the facts and theories to support the alleged violations.

4       24.    Therefore, the administrative prerequisites under California Labor Code

5   section 2699.3(a) to recover civil penalties, including unpaid wages and premium

6   wages per California Labor Code section 558 against Defendants, in addition to other

7   remedies, for violations of California Labor Code sections 201, 202, 203, 204, 226(a),

8   226.7, 510, 512(a), 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802 have been

9   satisfied.

10                              **GENERAL ALLEGATIONS**

11      25.    At all relevant times set forth herein, Defendants employed Plaintiffs and

12  other persons as hourly-paid or non-exempt employees within the State of California,

13  including the County of San Bernardino.

14      26.    Defendants, jointly and severally, employed Plaintiff GOUKER as an

15  hourly-paid, non-exempt employee, from approximately April 2009 to approximately

16  March 25, 2014, in the State of California.

17      27.    Defendants, jointly and severally, employed Plaintiff JIMENEZ as an

18  hourly-paid, non-exempt employee, from approximately February 2011 to

19  approximately June 2016, in the State of California.

20      28.    Defendants hired Plaintiffs and the other class members and classified

21  them as hourly-paid or non-exempt employees, and failed to compensate them for all

22  hours worked, missed meal periods and/or rest breaks.

23      29.    Defendants had the authority to hire and terminate Plaintiffs and the other

24  class members; to set work rules and conditions governing Plaintiffs' and the other

25  class members' employment; and to supervise their daily employment activities.

26      30.    Defendants exercised sufficient authority over the terms and conditions of

27  Plaintiffs' and the other class members' employment for them to be joint employers of

28  Plaintiffs and the other class members.

31.    Defendants directly hired and paid wages and benefits to Plaintiffs and the other class members.

32.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

33.    Plaintiffs and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

34.    Plaintiffs are informed and believe, and based thereon allege, that Defendants engaged in a uniform policy/practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This uniform policy/practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned, missed meal periods and rest breaks in violation of California law.

35.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

36.    Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to use the commissions/non-discretionary bonuses/non-discretionary performance pay/shift differentials to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiffs and the other class members earned commissions/non-discretionary bonuses/non-discretionary performance pay/shift differentials and overtime wages in the same workweek.

37.    Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to provide Plaintiffs and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

38.    Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

10

1  were entitled to receive all meal periods or payment of one additional hour of pay at

2  Plaintiffs' and the other class member's regular rate of pay when a meal period was

3  missed, and they did not receive all meal periods or payment of one additional hour of

4  pay at Plaintiffs' and the other class member's regular rate of pay when a meal period

5  was missed.

6     39.   Plaintiffs are informed and believe, and based thereon allege, that

7  Defendants knew or should have known that Plaintiffs and the other class members

8  were entitled to receive all rest periods or payment of one additional hour of pay at

9  Plaintiffs' and the other class member's regular rate of pay when a rest period was

10  missed, and they did not receive all rest periods or payment of one additional hour of

11  pay at Plaintiffs' and the other class members' regular rate of pay when a rest period

12  was missed.

13     40.   Plaintiffs are informed and believe, and based thereon allege, that

14  Defendants knew or should have known that Plaintiffs and the other class members

15  were entitled to receive at least minimum wages for compensation and that they were

16  not receiving at least minimum wages for all hours worked.

17     41.   Plaintiffs are informed and believe, and based thereon allege, that

18  Defendants knew or should have known that Plaintiffs and the other class members

19  were entitled to receive all wages owed to them upon discharge or resignation,

20  including overtime and minimum wages and meal and rest period premiums, and they

21  did not, in fact, receive all such wages owed to them at the time of their discharge or

22  resignation.

23     42.   Plaintiffs are informed and believe, and based thereon allege, that

24  Defendants knew or should have known that Plaintiffs and the other class members

25  were entitled to receive all wages owed to them during their employment. Plaintiffs

26  and the other class members did not receive payment of all wages, including overtime

27  and minimum wages and meal and rest period premiums, within any time permissible

28  under California Labor Code section 204.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

11

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

43. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia,* the failure to include the total number of hours worked by Plaintiffs and the other class members.

44. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiffs and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records.

45. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that Plaintiffs and the other class members were entitled to reimbursement for necessary business-related expenses.

46. Plaintiffs are informed and believe, and based thereon allege, that Defendants knew or should have known that they had a duty to compensate Plaintiffs and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiffs and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

47. At all material times set forth herein, Defendants failed to pay overtime wages to Plaintiffs and the other class members for all hours worked. Plaintiffs and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

48. At all material times set forth herein, Defendants failed to use the commissions/non-discretionary bonuses/non-discretionary performance pay/shift differentials to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiffs and the other class members earned commissions/non-discretionary bonuses/non-discretionary performance pay/shift

1  differentials and overtime wages in the same workweek.

2      49.   At all material times set forth herein, Defendants failed to provide the

3  requisite uninterrupted meal and rest periods to Plaintiffs and the other class members.

4      50.   At all material times set forth herein, Defendants failed to pay Plaintiffs

5  and the other class members at least minimum wages for all hours worked.

6      51.   At all material times set forth herein, Defendants failed to pay Plaintiffs

7  and the other class members all wages owed to them upon discharge or resignation.

8      52.   At all material times set forth herein, Defendants failed to pay Plaintiffs

9  and the other class members all wages within any time permissible under California

10  law, including, *inter alia*, California Labor Code section 204.

11      53.   At all material times set forth herein, Defendants failed to provide

12  complete or accurate wage statements to Plaintiffs and the other class members.

13      54.   At all material times set forth herein, Defendants failed to keep complete

14  or accurate payroll records for Plaintiffs and the other class members.

15      55.   At all material times set forth herein, Defendants failed to reimburse

16  Plaintiffs and the other class members for necessary business-related expenses and

17  costs.

18      56.   At all material times set forth herein, Defendants failed to properly

19  compensate Plaintiffs and the other class members pursuant to California law in order

20  to increase Defendants' profits.

21      57.   California Labor Code section 218 states that nothing in Article 1 of the

22  Labor Code shall limit the right of any wage claimant to "sue directly . . . for any

23  wages or penalty due to him [or her] under this article."

24  ///

25  ///

26  ///

27  ///

28  ///

**LAWYERS for JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203

13

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against PLASTIPAK PACKAGING, INC. and DOES 1 through 100)

58.    Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 57, and each and every part thereof with the same force and effect as though fully set forth herein.

59.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

60.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

61.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

62.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

///

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

63.     During the relevant time period, Plaintiffs and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

64.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiffs and the other class members.

65.     Defendants' failure to pay Plaintiffs and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

66.     Pursuant to California Labor Code section 1194, Plaintiffs and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against PLASTIPAK PACKAGING, INC. and DOES 1 through 100)

67.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 66, and each and every part thereof with the same force and effect as though fully set forth herein.

68.     At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiffs' and the other class members' employment by Defendants.

69.     At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

70.     At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

15

1  meal period may be waived by mutual consent of both the employer and employee.

2      71.    At all relevant times, the applicable IWC Wage Order and California

3  Labor Code section 512(a) further provide that an employer may not require, cause or

4  permit an employee to work for a work period of more than ten (10) hours per day

5  without providing the employee with a second uninterrupted meal period of not less

6  than thirty (30) minutes, except that if the total hours worked is no more than twelve

7  (12) hours, the second meal period may be waived by mutual consent of the employer

8  and the employee only if the first meal period was not waived.

9      72.    During the relevant time period, Plaintiffs and the other class members

10  who were scheduled to work for a period of time no longer than six (6) hours, and who

11  did not waive their legally-mandated meal periods by mutual consent, were required to

12  work for periods longer than five (5) hours without an uninterrupted meal period of not

13  less than thirty (30) minutes and/or rest period.

14      73.    During the relevant time period, Plaintiffs and the other class members

15  who were scheduled to work for a period of time in excess of six (6) hours were

16  required to work for periods longer than five (5) hours without an uninterrupted meal

17  period of not less than thirty (30) minutes and/or rest period.

18      74.    During the relevant time period, Defendants intentionally and willfully

19  required Plaintiffs and the other class members to work during meal periods and failed

20  to compensate Plaintiffs and the other class members the full meal period premium for

21  work performed during meal periods.

22      75.    During the relevant time period, Defendants failed to pay Plaintiffs and

23  the other class members the full meal period premium due pursuant to California Labor

24  Code section 226.7.

25      76.    Defendants' conduct violates applicable IWC Wage Order and California

26  Labor Code sections 226.7 and 512(a).

27      77.    Pursuant to applicable IWC Wage Order and California Labor Code

28  section 226.7(b), Plaintiffs and the other class members are entitled to recover from

16

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    Defendants one additional hour of pay at the employee's regular rate of compensation

2    for each work day that the meal or rest period is not provided.

3    ### THIRD CAUSE OF ACTION

4    ### (Violation of California Labor Code § 226.7)

5    ### (Against PLASTIPAK PACKAGING, INC. and DOES 1 through 100)

6        78.    Plaintiffs incorporate by reference the allegations contained in paragraphs

7    1 through 77, and each and every part thereof with the same force and effect as though

8    fully set forth herein.

9        79.    At all times herein set forth, the applicable IWC Wage Order and

10   California Labor Code section 226.7 were applicable to Plaintiffs' and the other class

11   members' employment by Defendants.

12       80.    At all relevant times, California Labor Code section 226.7 provides that

13   no employer shall require an employee to work during any rest period mandated by an

14   applicable order of the California IWC.

15       81.    At all relevant times, the applicable IWC Wage Order provides that

16   "[e]very employer shall authorize and permit all employees to take rest periods, which

17   insofar as practicable shall be in the middle of each work period" and that the "rest

18   period time shall be based on the total hours worked daily at the rate of ten (10)

19   minutes net rest time per four (4) hours or major fraction thereof" unless the total daily

20   work time is less than three and one-half (3 ½) hours.

21       82.    During the relevant time period, Defendants required Plaintiffs and other

22   class members to work four (4) or more hours without authorizing or permitting a ten

23   (10) minute rest period per each four (4) hour period worked.

24       83.    During the relevant time period, Defendants willfully required Plaintiffs

25   and the other class members to work during rest periods and failed to pay Plaintiffs and

26   the other class members the full rest period premium for work performed during rest

27   periods.

28   ///

17

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

84.     During the relevant time period, Defendants failed to pay Plaintiffs and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

85.     Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

86.     Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiffs and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

## FOURTH CAUSE OF ACTION

(Violation of California Labor Code §§ 1194, 1197, and 1197.1)

(Against PLASTIPAK PACKAGING, INC. and DOES 1 through 100)

87.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 86, and each and every part thereof with the same force and effect as though fully set forth herein.

88.     At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

89.     During the relevant time period, Defendants failed to pay minimum wage to Plaintiffs and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

90.     Defendants' failure to pay Plaintiffs and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiffs and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

///

91.    Pursuant to California Labor Code section 1197.1, Plaintiffs and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

92.    Pursuant to California Labor Code section 1194.2, Plaintiffs and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against PLASTIPAK PACKAGING, INC. and DOES 1 through 100)

93.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 92, and each and every part thereof with the same force and effect as though fully set forth herein.

94.    At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

95.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

96.    Defendants' failure to pay Plaintiffs and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

97.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

98.    Plaintiffs and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 204)

### (Against PLASTIPAK PACKAGING, INC. and DOES 1 through 100)

99.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 98, and each and every part thereof with the same force and effect as though fully set forth herein.

100.    At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed.

101.    At all times herein set forth, California Labor Code section 204 provides that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month.

102.    At all times herein set forth, California Labor Code section 204 provides that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period.

///

20

103.   During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiffs and the other class members all wages due to them, within any time period permissible under California Labor Code section 204.

104.   Plaintiffs and the other class members are entitled to recover all remedies available for violations of California Labor Code section 204.

<u>SEVENTH CAUSE OF ACTION</u>

(Violation of California Labor Code § 226(a))

(Against PLASTIPAK PACKAGING, INC. and DOES 1 through 100)

105.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 104, and each and every part thereof with the same force and effect as though fully set forth herein.

106.   At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

107.   Defendants have intentionally and willfully failed to provide Plaintiffs and the other class members with complete and accurate wage statements.  The deficiencies

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1   include, but are not limited to: the failure to include the total number of hours worked

2   by Plaintiffs and the other class members.

3       108.   As a result of Defendants' violation of California Labor Code section

4   226(a), Plaintiffs and the other class members have suffered injury and damage to their

5   statutorily-protected rights.

6       109.   More specifically, Plaintiffs and the other class members have been

7   injured by Defendants' intentional and willful violation of California Labor Code

8   section 226(a) because they were denied both their legal right to receive, and their

9   protected interest in receiving, accurate and itemized wage statements pursuant to

10  California Labor Code section 226(a).

11      110.   Plaintiffs and the other class members are entitled to recover from

12  Defendants the greater of their actual damages caused by Defendants' failure to comply

13  with California Labor Code section 226(a), or an aggregate penalty not exceeding four

14  thousand dollars per employee.

15      111.   Plaintiffs and the other class members are also entitled to injunctive relief

16  to ensure compliance with this section, pursuant to California Labor Code section

17  226(g).

18                      **EIGHTH CAUSE OF ACTION**

19              **(Violation of California Labor Code § 1174(d))**

20      **(Against PLASTIPAK PACKAGING, INC. and DOES 1 through 100)**

21      112.   Plaintiffs incorporate by reference the allegations contained in paragraphs

22  1 through 111, and each and every part thereof with the same force and effect as though

23  fully set forth herein.

24      113.   Pursuant to California Labor Code section 1174(d), an employer shall

25  keep, at a central location in the state or at the plants or establishments at which

26  employees are employed, payroll records showing the hours worked daily by and the

27  wages paid to, and the number of piece-rate units earned by and any applicable piece

28  rate paid to, employees employed at the respective plants or establishments. These

1 records shall be kept in accordance with rules established for this purpose by the

2 commission, but in any case shall be kept on file for not less than two years.

3     114. Defendants have intentionally and willfully failed to keep accurate and

4 complete payroll records showing the hours worked daily and the wages paid, to

5 Plaintiffs and the other class members.

6     115. As a result of Defendants' violation of California Labor Code section

7 1174(d), Plaintiffs and the other class members have suffered injury and damage to

8 their statutorily-protected rights.

9     116. More specifically, Plaintiffs and the other class members have been

10 injured by Defendants' intentional and willful violation of California Labor Code

11 section 1174(d) because they were denied both their legal right and protected interest,

12 in having available, accurate and complete payroll records pursuant to California Labor

13 Code section 1174(d).

14 ### NINTH CAUSE OF ACTION

15 **(Violation of California Labor Code §§ 2800 and 2802)**

16 **(Against PLASTIPAK PACKAGING, INC. and DOES 1 through 100)**

17     117. Plaintiffs incorporate by reference the allegations contained in paragraphs

18 1 through 116, and each and every part thereof with the same force and effect as though

19 fully set forth herein.

20     118. Pursuant to California Labor Code sections 2800 and 2802, an employer

21 must reimburse its employee for all necessary expenditures incurred by the employee in

22 direct consequence of the discharge of his or her job duties or in direct consequence of

23 his or her job duties or in direct consequence of his or her obedience to the directions of

24 the employer.

25     119. Plaintiffs and the other class members incurred necessary business-related

26 expenses and costs that were not fully reimbursed by Defendants.

27     120. Defendants have intentionally and willfully failed to reimburse Plaintiffs

28 and the other class members for all necessary business-related expenses and costs.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

23

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

121.   Plaintiffs and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## TENTH CAUSE OF ACTION

### (Violation of California Business & Professions Code §§ 17200, et seq.)

### (Against PLASTIPAK PACKAGING, INC. and DOES 1 through 100)

122.   Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 121, and each and every part thereof with the same force and effect as though fully set forth herein.

123.   Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiffs, other class members, to the general public, and Defendants' competitors.  Accordingly, Plaintiffs seek to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

124.   Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

125.   A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law.  In this instant case, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198.  Additionally, Defendants' policies and practices of requiring employees, including Plaintiffs and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a).  Defendants' policies and practices of failing to pay minimum wages violate California Labor Code

24

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of

2  failing to timely pay wages to Plaintiffs and the other class members violate California

3  Labor Code sections 201, 202 and 204. Defendants also violated California Labor

4  Code sections 226(a), 1174(d), 2800 and 2802.

5    126. As a result of the herein described violations of California law,

6  Defendants unlawfully gained an unfair advantage over other businesses.

7    127. Plaintiffs and the other class members have been personally injured by

8  Defendants' unlawful business acts and practices as alleged herein, including but not

9  necessarily limited to the loss of money and/or property.

10    128. Pursuant to California Business & Professions Code sections 17200, et

11  seq., Plaintiffs and the other class members are entitled to restitution of the wages

12  withheld and retained by Defendants during a period that commences May 22, 2011[2];

13  an award of attorneys' fees pursuant to California Code of Civil procedure section

14  1021.5 and other applicable laws; and an award of costs.

15    ### ELEVENTH CAUSE OF ACTION

16    **(Violation of California Labor Code §§ 2698, et seq.)**

17    **(Against PLASTIPAK PACKAGING, INC. and DOES 1 through 100)**

18    129. Plaintiff JIMENEZ incorporates by reference the allegations contained in

19  paragraphs 1 through 128, and each and every part thereof with the same force and

20  effect as though fully set forth herein.

21    130. PAGA expressly establishes that any provision of the California Labor

22  Code which provides for a civil penalty to be assessed and collected by the LWDA, or

23  any of its departments, divisions, commissions, boards, agencies or employees for a

24  violation of the California Labor Code, may be recovered through a civil action brought

25  by an aggrieved employee on behalf of himself or herself, and other current or former

26  employees.

27  [2] Due to the doctrines of class action and/or equitable tolling, this is the period covered by the present action based

28  on the filing of *Lorenz v. Plastipak Packaging, Inc., et al.*, San Bernardino Superior Court Case Number CIVDS1507361.

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,

131.   Whenever the LWDA, or any of its departments, divisions, commissions, boards, agencies, or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions, to assess a civil penalty.

132.   Plaintiff JIMENEZ and the other hourly-paid or non-exempt employees, are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former employees of Defendants, and one or more of the alleged violations was committed against them.

### Failure to Pay Overtime

133.   Defendants' failure to pay legally required overtime wages to Plaintiff JIMENEZ and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 510 and 1198.

### Failure to Provide Meal Periods

134.   Defendants' failure to provide legally required meal periods to Plaintiff JIMENEZ and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 226.7 and 512(a).

### Failure to Provide Rest Periods

135.   Defendants' failure to provide legally required rest periods to Plaintiff JIMENEZ and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code section 226.7.

### Failure to Pay Minimum Wages

136.   Defendants' failure to pay legally required minimum wages to Plaintiff JIMENEZ and the other aggrieved employees is in violation of the Wage Orders and constitutes unlawful or unfair activity prohibited by California Labor Code sections 1194, 1197 and 1197.1.

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

### Failure to Timely Pay Wages Upon Termination

137. Defendants' failure to timely pay wages to Plaintiff JIMENEZ and the other aggrieved employees upon termination in accordance with Labor Code sections 201 and 202 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 201 and 202.

### Failure to Timely Pay Wages During Employment

138. Defendants' failure to timely pay wages to Plaintiff JIMENEZ and the other aggrieved employees during employment in accordance with Labor Code section 204 constitutes unlawful and/or unfair activity prohibited by California Labor Code section 204.

### Failure to Provide Complete and Accurate Wage Statements

139. Defendants' failure to provide complete and accurate wage statements to Plaintiff JIMENEZ and the other aggrieved employees in accordance with Labor Code section 226(a) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 226(a).

### Failure to Keep Complete and Accurate Payroll Records

140. Defendants' failure to keep complete and accurate payroll records relating to Plaintiff JIMENEZ and the other aggrieved employees in accordance with California Labor Code section 1174(d) constitutes unlawful and/or unfair activity prohibited by California Labor Code section 1174(d).

### Failure to Reimburse Necessary Business-Related Expenses and Costs

141. Defendants' failure to reimburse Plaintiff JIMENEZ and the other aggrieved employees for necessary business-related expenses and costs in accordance with California Labor Code sections 2800 and 2802 constitutes unlawful and/or unfair activity prohibited by California Labor Code sections 2800 and 2802.

142. Pursuant to California Labor Code section 2699, Plaintiff JIMENEZ, individually, and on behalf of all aggrieved employees, requests and is entitled to recover from Defendants and each of them, business expenses, unpaid wages, and/or

27

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    untimely wages according to proof, interest, attorneys' fees and costs pursuant to

2    California Labor Code section 218.5, as well as all statutory penalties against

3    Defendants, and each of them, including but not limited to:

   a.    Penalties under California Labor Code section 2699 in the amount of
         a hundred dollars ($100) for each aggrieved employee per pay
         period for the initial violation, and two hundred dollars ($200) for
         each aggrieved employee per pay period for each subsequent
         violation;

   b.    Penalties under California Code of Regulations Title 8 section
         11010, et seq. in the amount of fifty dollars ($50) for each aggrieved
         employee per pay period for the initial violation, and one hundred
         dollars ($100) for each aggrieved employee per pay period for each
         subsequent violation;

   c.    Penalties under California Labor Code section 210 in addition to,
         and entirely independent and apart from, any other penalty provided
         in the California Labor Code in the amount of a hundred dollars
         ($100) for each aggrieved employee per pay period for the initial
         violation, and two hundred dollars ($200) for each aggrieved
         employee per pay period for each subsequent violation; and

   d.    Any and all additional penalties and sums as provided by the
         California Labor Code and/or other statutes.

22    143.   Pursuant to California Labor Code section 2699(i), civil penalties

23    recovered by aggrieved employees shall be distributed as follows: seventy-five percent

24    (75%) to the Labor and Workforce Development Agency for the enforcement of labor

25    laws and education of employers and employees about their rights and responsibilities

26    and twenty-five percent (25%) to the aggrieved employees.

27    ///

28    ///

28

144. Further, Plaintiff JIMENEZ are entitled to seek and recover reasonable attorneys' fees and costs pursuant to California Labor Code sections 210, 218.5 and 2699 and any other applicable statute.

## DEMAND FOR JURY TRIAL

Plaintiffs Plaintiff GOUKER, individually, and on behalf of other members of the general public similarly situated, and Plaintiff JIMENEZ, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, request a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GOUKER, individually, and on behalf of other members of the general public similarly situated, and Plaintiff JIMENEZ, individually, and on behalf of other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, pray for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiffs be appointed as the representative of the Class;

3. That counsel for Plaintiffs be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and the other class members;

///

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

6.     For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.     For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.     For such other and further relief as the Court may deem just and proper.

### As to the Second Cause of Action

10.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiffs and the other class members;

11.     That the Court make an award to Plaintiffs and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.     For all actual, consequential, and incidental losses and damages, according to proof;

13.     For premium wages pursuant to California Labor Code section 226.7(b);

14.     For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.     For reasonable attorneys' fees and costs of suit incurred herein;

16.     For civil penalties pursuant to California Labor Code sections 2699(a), (f), and (g); and

17.     For such other and further relief as the Court may deem just and proper.

### As to the Third Cause of Action

18.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiffs and the other class members;

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1    19.    That the Court make an award to Plaintiffs and the other class members of

2  one (1) hour of pay at each employee's regular rate of compensation for each workday

3  that a rest period was not provided;

4    20.    For all actual, consequential, and incidental losses and damages,

5  according to proof;

6    21.    For premium wages pursuant to California Labor Code section 226.7(b);

7    22.    For pre-judgment interest on any unpaid wages from the date such

8  amounts were due; and

9    23.    For such other and further relief as the Court may deem just and proper.

10          **As to the Fourth Cause of Action**

11    24.    That the Court declare, adjudge and decree that Defendants violated

12  California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay

13  minimum wages to Plaintiffs and the other class members;

14    25.    For general unpaid wages and such general and special damages as may

15  be appropriate;

16    26.    For statutory wage penalties pursuant to California Labor Code section

17  1197.1 for Plaintiffs and the other class members in the amount as may be established

18  according to proof at trial;

19    27.    For pre-judgment interest on any unpaid compensation from the date such

20  amounts were due;

21    28.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

22  California Labor Code section 1194(a);

23    29.    For liquidated damages pursuant to California Labor Code section 1194.2;

24  and

25    30.    For such other and further relief as the Court may deem just and proper.

26          **As to the Fifth Cause of Action**

27    31.    That the Court declare, adjudge and decree that Defendants violated

28  California Labor Code sections 201, 202, and 203 by willfully failing to pay all

LAWYERS *for* JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

1  compensation owed at the time of termination of the employment of Plaintiffs and the

2  other class members no longer employed by Defendants;

3      32.    For all actual, consequential, and incidental losses and damages,

4  according to proof;

5      33.    For statutory wage penalties pursuant to California Labor Code section

6  203 for Plaintiffs and the other class members who have left Defendants' employ;

7      34.    For pre-judgment interest on any unpaid compensation from the date such

8  amounts were due; and

9      35.    For such other and further relief as the Court may deem just and proper.

10                  **As to the Sixth Cause of Action**

11      36.    That the Court declare, adjudge and decree that Defendants violated

12  California Labor Code section 204 by willfully failing to pay all compensation owed at

13  the time required by  California Labor Code section 204 to Plaintiffs and the other class

14  members;

15      37.    For all actual, consequential, and incidental losses and damages,

16  according to proof;

17      38.    For pre-judgment interest on any unpaid compensation from the date such

18  amounts were due; and

19      39.    For such other and further relief as the Court may deem just and proper.

20                  **As to the Seventh Cause of Action**

21      40.    That the Court declare, adjudge and decree that Defendants violated the

22  record keeping provisions of California Labor Code section 226(a) and applicable IWC

23  Wage Orders as to Plaintiffs and the other class members, and willfully failed to

24  provide accurate itemized wage statements thereto;

25      41.    For actual, consequential and incidental losses and damages, according to

26  proof;

27      42.    For statutory penalties pursuant to California Labor Code section 226(e);

28  ///

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT,

43. For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

44. For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

45. That the Court declare, adjudge and decree that Defendants violated California Labor Code section 1174(d) by willfully failing to keep accurate and complete payroll records for Plaintiffs and the other class members as required by California Labor Code section 1174(d);

46. For actual, consequential and incidental losses and damages, according to proof;

47. For statutory penalties pursuant to California Labor Code section 1174.5; and

48. For such other and further relief as the Court may deem just and proper.

### As to the Ninth Cause of Action

49. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiffs and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

50. For actual, consequential and incidental losses and damages, according to proof;

51. For the imposition of civil penalties and/or statutory penalties;

52. For reasonable attorneys' fees and costs of suit incurred herein; and

53. For such other and further relief as the Court may deem just and proper.

### As to the Tenth Cause of Action

54. That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, et seq. by failing to provide Plaintiffs and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiffs and the other class members, failing to

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203

33

1   pay at least minimum wages to Plaintiffs and the other class members, failing to pay

2   Plaintiffs' and the other class members' wages timely as required by California Labor

3   Code section 201, 202 and 204 and by violating California Labor Code sections 226(a),

4   1174(d), 2800 and 2802.

5       55.    For restitution of unpaid wages to Plaintiffs and all the other class

6   members and all pre-judgment interest from the day such amounts were due and

7   payable;

8       56.    For the appointment of a receiver to receive, manage and distribute any

9   and all funds disgorged from Defendants and determined to have been wrongfully

10  acquired by Defendants as a result of violation of California Business and Professions

11  Code sections 17200, et seq.;

12      57.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

13  California Code of Civil Procedure section 1021.5;

14      58.    For injunctive relief to ensure compliance with this section, pursuant to

15  California Business and Professions Code sections 17200, et seq.; and

16      59.    For such other and further relief as the Court may deem just and proper.

17                      As to the Eleventh Cause of Action

18      60.    For civil penalties and wages pursuant to California Labor Code sections

19  2699(a), (f) and (g) and 558 plus costs and attorneys' fees for violation of California

20  Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1174(d), 1194,

21  1197, 1197.1, 1198, 2800 and 2802; and

22      61.    For such other and further relief as the Court may deem equitable and

23  appropriate.

24  Dated: March 13, 2017                    LAWYERS for JUSTICE, PC

25

26                                          By: _____

27                                               Edwin Aiwazian
                                                 *Attorneys for* Plaintiffs
28

CLASS ACTION COMPLAINT FOR DAMAGES & ENFORCEMENT UNDER THE PRIVATE ATTORNEYS GENERAL ACT.

LAWYERS for JUSTICE, PC
410 West Arden Avenue, Suite 203
Glendale, California 91203